# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

LCPS Acquisition, LLC d/b/a )
Omnicare of Chandler, )
        Plaintiff, )
         )     C.A. No. N19C-07-195 CEB
         )
v. )
         )
Allegiant Healthcare West, LLC d/b/a )
Allegiant Healthcare of Mesa; )
AllegiantHealthcare of Phoenix, LLC )
d/b/aAllegiant Healthcare of Phoenix; )
and Allegiant Healthcare East, LLC )
d/b/a Springdale Village, )
         )
        Defendants. )

Submitted:  July 2, 2020
Decided:  July 24, 2020

*Upon Consideration of Plaintiff's Motion to Dismiss*
*the Fraud Counterclaims*
**GRANTED**

## ORDER

Before the Court is a motion filed by LCPS Acquisition, LLC d/b/a Omnicare of Chandler ("Plaintiff") to dismiss counterclaims filed by Allegiant Healthcare of Mesa, Allegiant Healthcare of Phoenix and Allegiant Healthcare East, LLC d/b/a Springdale Village ("Defendants").[1]  The Court makes the following findings:

---

[1] Plaintiff's Complaint says it is owed $671,859.39 (including interest) for providing consulting services related to the Allegiant Mesa Pharmacy Agreement; $307,043.56 (including interest) for the Springdale Agreement and Allegiant Phoenix owes Plaintiff $567,553.88 (including interest).

1.      Plaintiff provides pharmaceutical goods and consulting services to a variety of customers.  As briefly as can be stated, Plaintiff and Defendants entered into several contracts for the provision of these goods and services and invoice Defendants for compensation.  Plaintiff filed a breach of contract claim alleging that it abided by the terms of the contract, but that Defendants did not pay as agreed and Defendant has defaulted on the contracts.

2.      Defendants have answered and counterclaimed.  The counterclaims allege common law fraud and breach of contract by Plaintiff.  Plaintiff moves to dismiss the fraud counterclaims, arguing that the fraud allegations fail to meet the "particularity requirement" of D.R.C.P. Rule 9(b).

3.      Rule 9(b) makes a specific demand on a complaint, one that is not found with respect to other "general allegations."  While the rest of the complaint is sufficient if it is a "a short and plain statement of the claim showing that the pleader is entitled to relief,"[2] "In all averments of fraud, negligence or mistake, the circumstances constituting fraud, negligence or mistake shall be stated with particularity."[3]

4.      The counterclaims here come in six counts: three allege breach of contract on behalf of each of the three named Defendants.  The other three counts

---

[2] D.R.C.P. Rule 8(a)(1).
[3] D.R.C.P. Rule 9(b).

allege common law fraud, again on behalf of each of the three Defendants. The three common law fraud claims are substantially identical, save for the specific amount allegedly lost by reason of Defendant's alleged fraud. If one fails under Rule 9(b), they all do as they are substantially the same in their specificity.

5.  Reviewing these three pairs of complaints is telling. For example, Counterclaim II alleges breach of contract in that instead of billing Defendant according to the contract, Plaintiff "submitted deceitful, wrongful, and fraudulent bills."[4] Further, it is alleged that Plaintiff's "failure to adhere to the agreed upon contract terms caused [Defendant] to be charged $56,254.71 in unjustified costs in just an 8 month period."[5]

6.  Counterclaim I alleging common law fraud, seeks the same $56,254.71, alleging that the loss was caused by Plaintiff's "inaccurate, deceptive and unconscionable billing practices."[6] Other paragraphs claim that the "payment amount were fraudulently determined" and that Plaintiff intended to "deceive, damage and mislead" Defendant, all without further explanation.[7] So the allegation is that the Plaintiff breached the *contract* through "deceitful, wrongful, and fraudulent" conduct and committed *fraud* through "inaccurate, deceptive and

---

[4] Counterclaim II ¶14 D.I.
[5] Counterclaim II ¶15 D.I.
[6] Counterclaim I, ¶7, D.I.
[7] Counterclaim I, ¶¶4, 9.

unconscionable" conduct. It is difficult to imagine what words in Roget's Thesaurus were not hauled out and added to this mix and which category they would fit – fraud or breach of contract. Obviously, while the terms are certainly colorful, they are generic and do not describe the fraud with anything like the particularity required by Rule 9(b).

7.     Further cementing the Court's view that the fraud counterclaims fail under the heightened pleading standard of Rule 9(b) is the recent decision of Judge Wharton, who just recently dismissed the counterclaims in another case brought by an Omnicare entity against a customer who responded with allegations of fraud and breach of contract.[8] In granting the motion to dismiss the fraud counterclaim, Judge Wharton noted there was no allegation of tortious conduct that is separate and apart from the damages the defendant suffered under its breach of contract claims. The same is equally true here.

8.     Defendants' breach of contract counterclaims set forth all Defendant needs to be made whole as a result of Plaintiff's allegedly wrongful conduct. The fraud counts add nothing to Defendants' claim or their damages. There is no particularity in these claims, save for some choice adjectives that do not describe a

---

[8] *Med World Acquisition Corp. d/b/a Omnicare of Plainview v. Friedwald Center for Rehabilitation and Nursing, LLC,* C.A. No. N19C-06-028 FWW (Super. Ct. July 16, 2020)

time, place, or content of the allegedly false statements or the specific damages caused.

In light of the foregoing, Plaintiff's Motion to Dismiss the Fraud Counterclaims is **GRANTED**.

**IT IS SO ORDERED**.

Judge Charles E. Butler